ARIEL STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
PAIGE L. MAGASTER, ESQ.
Nevada Bar No. 15557
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:   (702) 634-5000
Facsimile:   (702) 380-8572
Email: ariel.stern@akerman.com
Email: natalie.winslow@akerman.com
Email: paige.magaster@akerman.com

*Attorneys for NewRez LLC dba Shellpoint Mortgage Servicing*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No.: 2:22-cv-0192 |
| Plaintiff, | |
| v. | **PETITION FOR REMOVAL** |
| NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |

NewRez LLC dba Shellpoint Mortgage Servicing (**Shellpoint**) removes this action from the Eighth Judicial District Court in Clark County, Nevada, to the United States District Court for the District of Nevada. This court has diversity jurisdiction under 28 U.S.C. § 1332.

## **INTRODUCTION**

SFR Investments Pool 1, LLC initiated this action on January 23, 2022 by filing a complaint against Shellpoint in the Eighth Judicial District Court of Clark County, Nevada, as case no. A-22-847092-C. The operative complaint relates to a deed of trust recorded against property located at 2993 Via Della Amore, Henderson, Nevada 89052. **Ex. A** at Compl., ¶¶ 5, 7. SFR asserts multiple

62031078;1

causes of action in an effort to, *inter alia*, halt Shellpoint's foreclosure sale pursuant to the terms of the deed of trust, *see id*, ¶¶ 86-91, 105-06, 118-19, and obtain a declaration that the deed of trust is extinguished, *see id*., ¶¶ 69-70. In addition to other requests for relief, SFR asks for a preliminary and permanent injunction that Shellpoint cannot initiate or continue foreclosure proceedings or otherwise interfere with SFR's right to enjoyment of the property, *see id*., Prayer for Relief.

SFR has requested a preliminary injunction as to these issues from the state court, which remains pending at the time of this removal petition.

Copies of all pleadings, processes, and orders in the state court action are attached as Ex. A.

## DIVERSITY JURISDICTION

### A.    The Amount in Controversy Exceeds $75,000.00

28 U.S.C. § 1332(a) provides that "the matter in controversy [must] exceed the sum or value of $75,000, exclusive of interest and costs" for diversity jurisdiction to lie. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

In Nevada, a removing party need only establish that it is "more likely than not" that the amount in controversy exceeds $75,000.00. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Salvador v. National Default Servicing Corp*., No. 2:13-CV-1011 JCM GWF, 2013 WL 6019211, at *1 (D. Nev. Nov. 13, 2013) ("the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000.00].") (internal citation and quotations omitted).

The amount in controversy in actions seeking declaratory or injunctive relief "is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). SFR asserts multiple causes of action in an effort to, *inter alia*, halt Shellpoint's foreclosure sale pursuant to the terms of the deed of trust, *see id*, ¶¶ 86-91, 105-06, 118-19, and obtain a declaration that the deed of trust is extinguished, *see id*., ¶¶ 69-70. In addition to other requests for relief, SFR asks for a preliminary and permanent injunction that Shellpoint cannot initiate or continue foreclosure proceedings or otherwise interfere with SFR's right to enjoyment of the property, *see id*., Prayer for

62031078;1

1  Relief.  The face value of the at-issue deed of trust is $356,000.00, **Ex. B**, and the amount owed on
2  the loan, which is secured by the deed of trust, as of the date that the notice of trustee's sale was
3  recorded against the property was $347,569.91, **Ex. C**.  This amount continues to increase so long as
4  the loan secured by the deed of trust remains unpaid.  The estimated value of the at-issue property as
5  of February 1, 2022 is $580,553.00.  **Ex. D**.

### B.    The Parties are Diverse.

Shellpoint is a limited liability company.  A limited liability company's citizenship "is determined by the citizenship of all of its members" for purposes of diversity jurisdiction under 28 USC § 1332(a).  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

The sole member of NewRez LLC is Shellpoint Partners LLC, a Delaware limited liability company.  Shellpoint Partners LLC's members are NRM Acquisition LLC and NRM Acquisition II LLC, both of which are Delaware limited liability companies.  The sole member of both NRM Acquisition entities is New Residential Mortgage LLC, a Delaware limited liability company.  New Residential Mortgage LLC's sole member is New Residential Investment Corp., a Delaware corporation with its principal place of business in New York.  A corporation is a citizen both of the state in which it is incorporated and the state in which it maintains its principal place of business.  28 USC § 1332(c).  Thus, Shellpoint is a citizen of Delaware and New York for diversity purposes.

None of SFR's members are citizens of Delaware or New York.  Ex. A at SFR's Disclosure Statement.

### C.    The Removal is Timely

Under 28 U.S.C. § 1446(b), a defendant has 30 days after the receipt by the defendant of the complaint to remove the action to federal court.  Shellpoint was served with a copy of the summons and complaint on January 26, 2022.  **Ex. E**.  Shellpoint's removal is timely.

Per 29 U.S.C. § 1446(d), Shellpoint will promptly provide written notice of the filing of this petition to SFR and will file a copy of the notice of removal with the clerk of the Eighth Judicial District Court of Clark County, Nevada, where this action is currently pending.

///

///

## CONCLUSION

Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

Shellpoint reserves the right to amend or supplement this notice of removal.

DATED this 1st day of February, 2022.

**AKERMAN LLP**

*/s/ Natalie L. Winslow*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
PAIGE L. MAGASTER, ESQ.
Nevada Bar No. 15557
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

*Attorneys for NewRez LLC dba Shellpoint Mortgage Servicing, LLC*

62031078;1

## INDEX OF EXHIBITS

Exhibit A   State Court Pleadings

Exhibit B   Deed of Trust

Exhibit C   Notice of Sale

Exhibit D   Declaration of Natalie L. Winslow

Exhibit E   Service of Process

62031078;1