UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SFR Investments Pool 1, LLC, | Case No.: 2:22-cv-00192-JAD-BNW |
| Plaintiff<br>v. | |
| Newrez LLC dba Shellpoint Mortgage Servicing; et al., | **Order Granting Emergency Motion for Temporary Restraining Order**<br>[ECF No. 7] |
| Defendants | |

Plaintiff SFR Investments Pool 1 moves for an order temporarily restraining Newrez LLC dba Shellpoint Mortgage Servicing from foreclosing on the real property located at 2993 Via Della Amore, Henderson, Nevada 89052, as scheduled for February 16, 2022.[1] As SFR explains, Shellpoint attempts to foreclose on the property based on the deed of trust securing the unpaid mortgage on the property. But SFR takes the position that the deed of trust was discharged by operation of Nevada Revised Statute 106.240, which conclusively presumes that a lien is automatically extinguished ten years after the debt it secures becomes wholly due. And even if the deed of trust is still enforceable, SFR adds, Shellpoint failed to take the steps required under Nevada law to prove its authority to foreclose. With a day left before the scheduled sale, Shellpoint has not filed a response to the motion.

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[2] Both are "extraordinary" remedies and "never awarded as of right."[3] The Supreme Court clarified in *Winter v. Natural Resources*

---

[1] ECF No. 7.

[2] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[3] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

*Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[4]  The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[5]

      SFR argues and provides evidence to show that there are serious questions going to whether Shellpoint has as valid and existing interest in the deed of trust that it intends to foreclose upon via a trustee's sale tomorrow.  With its motion, evidence, and complaint, SFR has demonstrated that it is likely to be irreparably harmed if the foreclosure sale is conducted before these questions can be answered.  And considering the nature of the property loss that could occur should the foreclosure proceed, juxtaposed against the many years that this mortgage has gone unpaid, the balance of hardships tips sharply in the plaintiff's favor, and temporary injunctive relief is in the public interest.

      IT IS THEREFORE ORDERED that SFR's motion for a temporary restraining order **[ECF No. 7] is GRANTED**.  Defendant Newrez LLC dba Shellpoint Mortgage Servicing and its officers, agents, servants, employees, attorneys, and any other person acting in active concert or participation with it are **RESTRAINED from proceeding with the foreclosure sale of real property known as 2993 Via Della Amore, Henderson, Nevada 89052.**

---

[4] *Id.* at 20.

[5] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

IT IS FURTHER ORDERED that this temporary restraining order will automatically EXPIRE at **5:00 p.m. on February 25, 2022**, unless it is extended by the court for cause or converted into a preliminary injunction.

IT IS FURTHER ORDERED that **SFR must post a bond by the court in the amount of $1,000 by 5:00 p.m. on February 16, 2022,** to effectuate this order and recompense the defendant if it is later determined that the foreclosure sale has been wrongfully restrained.

IT IS FURTHER ORDERED that SFR's motion for a preliminary injunction [ECF No. 8] will be heard at **10:00 a.m. on Friday, February 25, 2022**, in Courtroom 6D of the Lloyd D. George Federal Courthouse, 333 Las Vegas Blvd. So., Las Vegas, Nevada 89101.  Defendant has until February 22, 2022**,** to file any response to the motion for preliminary injunction.  SFR has until noon on February 24, 2022**,** to file any reply.

_____
U.S. District Judge Jennifer A. Dorsey
February 15, 2022