ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
PAIGE L. MAGASTER, ESQ.
Nevada Bar No. 15557
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email:  ariel.stern@akerman.com
Email:  natalie.winslow@akerman.com
Email:  paige.magaster@akerman.com

*Attorneys for NewRez LLC d/b/a*
*Shellpoint Mortgage Servicing*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-0192-JAD-BNW<br><br>**NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING,<br><br>              Counterclaimant,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>              Counterdefendants. | |

NewRez LLC d/b/a Shellpoint Mortgage Servicing answers plaintiff SFR Investments Pool 1, LLC's complaint as follows:

62550498;1

**PARTIES, JURISDICTION, AND VENUE**

1.      Shellpoint is without sufficient information to admit or deny and on that basis denies.

2.      Shellpoint admits it is a Delaware limited liability company conducting business in Nevada.  The remainder of Paragraph 2 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Shellpoint denies its principal place of business in Greenville, South Carolina.

3.      Paragraph 3 requires no response.  To the extent a response is required, Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

4.      Paragraph 4 requires no response.  To the extent a response is required, Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

5.      Paragraph 5 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Shellpoint admits it has initiated foreclosure proceedings pursuant to the deed of trust on the property located at 2993 Via Della Amore, Henderson, NV 89052, Parcel No. 177-36-411-030 (**the Property**) and denies the remaining allegations.

**GENERAL ALLEGATIONS**

6.      Shellpoint admits a quitclaim deed was recorded on November 21, 2007, further states the document speaks for itself, and denies any allegations inconsistent with it.

7.      Shellpoint admits a deed of trust was recorded on January 7, 2008, (**Deed of Trust**) and states the document speaks for itself.

8.      Shellpoint admits paragraph 22 of the Deed of Trust includes the following language: "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law says otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property."  Shellpoint further states that paragraph 22 of the Deed of Trust

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

62550498;1

contains additional language not quoted by plaintiff in paragraph 8. Shellpoint further states the document speaks for itself.

9.      Shellpoint admits notice of default/election to sell under deed of trust was recorded on October 14, 2010, and states the document speaks for itself.

10.     Shellpoint states the referenced notice speaks for itself and denies any allegation inconsistent with it.

11.     Shellpoint states the referenced notice speaks for itself and denies any allegation inconsistent with it.

12.     Shellpoint denies.

13.     Shellpoint denies.

14.     Shellpoint admits a substitution of trustee was recorded on October 18, 2010, and states the document speaks for itself. Shellpoint denies any allegation inconsistent with the recorded assignment.

15.     Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

16.     Shellpoint admits a notice of trustee's sale was recorded on March 29, 2011, and states the document speaks for itself.

17.     Shellpoint admits a notice of trustee's sale was recorded on August 29, 2011, and states the document speaks for itself.

18.     Shellpoint admits a rescission of election to declare default was recorded September 21, 2011, and states the document speaks for itself. Shellpoint denies any allegation inconsistent with the recorded rescission of election to declare default.

19.     Shellpoint admits an assignment of deed of trust was recorded on February 15, 2012, and states the document speaks for itself. Shellpoint denies any allegation inconsistent with the recorded assignment.

20.     Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

21.     Shellpoint denies upon information and belief.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

3

62550498;1

22.     Shellpoint admits an assignment of deed of trust was recorded on September 5, 2013, and states the document speaks for itself.  Shellpoint denies any allegation inconsistent with the recorded assignment.

23.     Shellpoint admits upon information and belief.

24.     Shellpoint admits upon information and belief.

25.     Shellpoint admits a trustee's deed upon sale was recorded on September 17, 2013, and states the document speaks for itself.

26.     Shellpoint admits an assignment of deed of trust was recorded on February 2, 2015, and states the document speaks for itself.  Shellpoint denies any allegation inconsistent with the recorded assignment.

27.     Shellpoint admits a corporate assignment of deed of trust was recorded on March 26, 2020, and states the document speaks for itself.  Shellpoint denies any allegation inconsistent with the recorded assignment.

28.     Shellpoint admits a corporate assignment of deed of trust was recorded on May 14, 2020, and states the document speaks for itself.  Shellpoint denies any allegation inconsistent with the recorded assignment.

29.     Shellpoint admits that Quality Loan Service Corporation is the current foreclosure trustee under the deed of trust.  Shellpoint denies the remaining allegations in paragraph 18 because it lacks sufficient information to admit or deny them.  Shellpoint specifically states it is the servicer of the subject loan on behalf of loan owner Federal National Mortgage Association (**Fannie Mae**).

30.     Shellpoint states the Fair Debt Collections Practices Act speaks for itself and denies any allegations inconsistent with it.

31.     Shellpoint states that the documents filed in the referenced prior litigation speak for themselves and denies any allegation inconsistent with the referenced documents. Shellpoint specifically states it is the servicer of the subject loan on behalf of loan owner Fannie Mae. Shellpoint took over servicing responsibilities for the subject loan from Ditech Financial Services fka Green Tree Servicing, LLC.

/ / /

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

62550498;1

32.     Paragraph 32 is ambiguous and unintelligible and therefore requires no response.  To the extent a response is nonetheless required, Shellpoint specifically states it is the servicer of the subject loan on behalf of loan owner Fannie Mae.  Shellpoint took over servicing responsibilities for the subject loan from Ditech Financial Services fka Green Tree Servicing, LLC.

33.     Shellpoint admits a notice of breach and default and of election to cause sale of the real property under deed of trust was recorded on October 1, 2021, and states the document speaks for itself.

34.     Shellpoint states the referenced notice speaks for itself and denies any allegation inconsistent with it.

35.     Shellpoint denies.

36.     Shellpoint denies.

37.     Shellpoint denies.

38.     Shellpoint denies.

39.     Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

40.     Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

41.     Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

42.     Shellpoint admits a notice of trustee's sale was recorded on January 11, 2022, and states the document speaks for itself.

**FIRST CAUSE OF ACTION**

**(Violation of NRS § 107.200 *et seq.*)**

43.     Shellpoint repeats its answers to the preceding paragraphs.

44.     Shellpoint states NRS § 107.200 speaks for itself and denies any allegations inconsistent with it.

45.     Shellpoint states NRS § 107.210 speaks for itself and denies any allegations inconsistent with it.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

46.     Shellpoint states NRS § 107.260 speaks for itself and denies any allegations inconsistent with it.

47.     Shellpoint admits.

48.     Shellpoint admits it is the current holder of the note secured by the deed of trust, in its role as loan servicer on behalf of Fannie Mae.

49.     Shellpoint admits it is the current servicer of the subject loan, on behalf of loan owner Fannie Mae.

50.     Shellpoint states NRS § 107.220(1)(a) speaks for itself and denies any allegations inconsistent with it.

51.     Paragraph 51 sets forth a conclusion of law to which no response is required. To the extent a response is required, Shellpoint denies because it lacks sufficient information to admit or deny them.

52.     Paragraph 52 sets forth a conclusion of law to which no response is required. To the extent a response is required, Shellpoint denies because it lacks sufficient information to admit or deny them. Shellpoint admits that SFR is the record title holder of the subject property.

53.     Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

54.     Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

55.     Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

56.     Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

57.     Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

58.     Paragraph 58 sets forth a conclusion of law to which no response is required. To the extent a response is required, Shellpoint denies.

/ / /

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

62550498;1

59.    Paragraph 59 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Shellpoint denies.

60.    Shellpoint denies.

61.    Shellpoint denies the allegations and further denies plaintiff is entitled to the relief sought.

## SECOND CAUSE OF ACTION

### (Cancellation of Written Instrument – Deed of Trust)

62.    Shellpoint repeats its answers to the preceding paragraphs.

63.    Shellpoint admits the Deed of Trust was recorded against the Property on January 7, 2008, and states the document speaks for itself.

64.    Shellpoint admits it is the current recorded beneficiary of the Deed of Trust.

65.    Shellpoint denies.

66.    Shellpoint denies.

67.    Shellpoint denies.

68.    Shellpoint denies.

69.    Paragraph 69 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Shellpoint denies.

70.    Paragraph 70 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Shellpoint denies. Shellpoint further denies plaintiff is entitled to the relief sought.

71.    Shellpoint admits it is pursuing foreclosure on the Deed of Trust.  The remainder of Paragraph 71 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Shellpoint denies.  Shellpoint further denies plaintiff is entitled to the relief sought.

## THIRD CAUSE OF ACTION

### (Declaratory Relief pursuant to NRS 40.010)

72.    Shellpoint repeats its answers to the preceding paragraphs.

/ / /

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA, 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

62550498;1

73.     Shellpoint states NRS § 40.010 speaks for itself and denies any allegations inconsistent with it.

74.     Shellpoint admits it claims an interest in the Property through the Deed of Trust. Shellpoint denies the remainder allegations in paragraph 74 because it lacks sufficient information to admit or deny them.

75.     Shellpoint states the Deed of Trust speaks for itself and denies any allegation inconsistent with it.

76.     Shellpoint denies the allegations in paragraph 76 because it lacks sufficient information to admit or deny them.

77.     Shellpoint denies.

78.     Shellpoint admits the Deed of Trust was assigned from MERS to BAC in October 2010.

79.     Shellpoint admits MERS attempted to assign the Deed of Trust to BANA, successor by merger to BAC, in February 2012.

80.     Shellpoint admits the Deed of Trust was assigned from BANA to Everbank in September 2013.

81.     Shellpoint admits the Deed of Trust was assigned from Everbank to Green Tree Servicing, LLC in February 2015.

82.     Shellpoint admits the Deed of Trust was assigned from Ditech Financial LLC fka Green Tree Servicing, LLC to New Residential Mortgage LLC in March 2020.

83.     Shellpoint admits the Deed of Trust was assigned from New Residential Mortgage LLC to Shellpoint in May 2020.

84.     Shellpoint denies.

85.     Shellpoint denies.

86.     Paragraph 86 sets forth a conclusions of law to which no response is required.  To the extent a response is required, Shellpoint denies.  Shellpoint further denies plaintiff is entitled to the relief sought.

/ / /

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

62550498;1

87.    Paragraph 87 sets forth a conclusion of law to which no response is required. To the extent a response is required, Shellpoint denies. Shellpoint further denies plaintiff is entitled to the relief sought.

88.    Paragraph 88 sets forth a conclusion of law to which no response is required. To the extent a response is required, Shellpoint denies. Shellpoint further denies plaintiff is entitled to the relief sought.

89.    Shellpoint admits it is pursuing foreclosure on the Deed of Trust. Shellpoint further states the current sale was cancelled/postponed due to the court's February 15, 2022, order on plaintiff's emergency request for a temporary restraining order.

90.    Paragraph 90 sets forth a conclusion of law to which no response is required. To the extent a response is required, Shellpoint denies.

91.    Shellpoint denies plaintiff is entitled to the relief sought.

### FOURTH CAUSE OF ACTION

### (Cancellation of Instruments)

92.    Shellpoint repeats its answers to the preceding paragraphs.

93.    Shellpoint denies because it lacks sufficient information to admit or deny.

94.    Shellpoint denies.

95.    Shellpoint admits the Deed of Trust was assigned from MERS to BAC in October 2010.

96.    Shellpoint admits MERS attempted to assign the Deed of Trust to BANA, successor by merger to BAC, in February 2012.

97.    Shellpoint admits the Deed of Trust was assigned from BANA to Everbank in September 2013.

98.    Shellpoint admits the Deed of Trust was assigned from Everbank to Green Tree Servicing, LLC in February 2015.

99.    Shellpoint admits the Deed of Trust was assigned from Ditech Financial LLC fka Green Tree Servicing, LLC to New Residential Mortgage LLC in March 2020.

/ / /

62550498;1

100. Shellpoint admits the Deed of Trust was assigned from New Residential Mortgage LLC to Shellpoint in May 2020.

101. Shellpoint denies.

102. Shellpoint denies.

103. Shellpoint denies.

104. Shellpoint denies.

105. Paragraph 105 sets forth a conclusion of law to which no response is required. To the extent a response is required, Shellpoint denies. Shellpoint further denies plaintiff is entitled to the relief sought.

106. Paragraph 106 sets forth a conclusion of law to which no response is required. To the extent a response is required, Shellpoint denies. Shellpoint further denies plaintiff is entitled to the relief sought.

## FIFTH CAUSE OF ACTION

### (Wrongful Foreclosure)

107. Shellpoint repeats its answers to the preceding paragraphs.

108. Shellpoint denies the allegations because it lacks sufficient information to admit or deny them.

109. Shellpoint denies.

110. Shellpoint admits the Deed of Trust was assigned from MERS to BAC in October 2010.

111. Shellpoint admits MERS attempted to assign the Deed of Trust to BANA, successor by merger to BAC, in February 2012.

112. Shellpoint admits the Deed of Trust was assigned from BANA to Everbank in September 2013.

113. Shellpoint admits the Deed of Trust was assigned from Everbank to Green Tree Servicing, LLC in February 2015.

114. Shellpoint admits the Deed of Trust was assigned from Ditech Financial LLC fka Green Tree Servicing, LLC to New Residential Mortgage LLC in March 2020.

62550498;1

115.    Shellpoint admits the Deed of Trust was assigned from New Residential Mortgage LLC to Shellpoint in May 2020.

116.    Shellpoint denies.

117.    Shellpoint denies.

118.    Paragraph 118 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Shellpoint denies. Shellpoint specifically denies that it lacks authority to foreclose on the Deed of Trust and further denies plaintiff is entitled to the relief sought.

119.    Paragraph 119 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Shellpoint denies.

120.    Shellpoint denies plaintiff is entitled to the relief sought.

### SIXTH CAUSE OF ACTION

### (Preliminary and Permanent Injunction)

121.    Shellpoint repeats its answers to the preceding paragraphs.

122.    Paragraph 122 sets forth a conclusion of law to which no response is required.

123.    Paragraph 123 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Shellpoint denies.

124.    Paragraph 124 sets forth a conclusion of law to which no response is required.  To the extent a response is required, Shellpoint denies. Shellpoint further denies plaintiff is entitled to the relief sought.

125.    Shellpoint denies plaintiff is entitled to the relief sought.

### PRAYER FOR RELIEF

Shellpoint denies plaintiff is entitled to any requested relief from Shellpoint.

### AFFIRMATIVE DEFENSES

Shellpoint asserts the following affirmative defenses.  Discovery and investigation of this case is not yet complete, and Shellpoint reserves the right to amend this answer by adding, deleting, or amending defenses as may be appropriate.  Shellpoint states as follows:

1.    Plaintiff lacks standing to bring some or all of its claims and causes of action.

2.    Plaintiff failed to state a claim upon which relief may be granted.

62550498;1

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

3.      Plaintiff's claims and causes of action are barred, in whole or in part, by any material breaches of the alleged contracts with Shellpoint and/or Fannie Mae and/or their predecessors and the borrower under the subject deed of trust.

4.      Plaintiff's claims are barred waiver, estoppel, privilege, consent, and/or ratification.

5.      Plaintiff's claims are barred by unclean hands.

6.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

7.      Plaintiff's claims are barred pursuant to the laches doctrine.

8.      Plaintiff's claims are barred by the applicable statute of frauds.

9.      Plaintiff's claims are barred by issue preclusion and claim preclusion.

10.     If NRS 106.240 has any application, its timelines should tolled as matter or law or equity.

11.     Plaintiff has waived and/or released any claims against Shellpoint.

12.     Plaintiff assumed the risk.

13.     Plaintiff is not a bona fide purchaser for value.

14.     Plaintiff did not comply with the requirements of NRS 107.200 *et seq*.

15.     Plaintiff did not provide proper notice of this dispute to Shellpoint.

16.     Plaintiff did not justifiably or reasonably rely on any representation made by Shellpoint.

17.     Shellpoint acted in good faith at all times.

18.     Shellpoint owed no duty to plaintiff.

19.     Shellpoint did not breach any duty, if owed, to plaintiff.

20.     Plaintiff has not cured the default under the terms of the subject deed of trust.

21.     Plaintiff's claims are barred, in whole or in part, because any allegedly wrongful acts or omissions of Shellpoint, to the extent they occurred, were legally excused or justified.

22.     Shellpoint's conduct was not the cause in fact or the proximate cause of any injury, loss, or damage alleged by plaintiff.

///

62550498;1

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

23.     Plaintiff's damages, if any, were not caused by an intervening superseding cause over which Shellpoint had no control.

24.     Any and all events and happenings in connection with the damages complained of in plaintiff's complaint, together with the alleged resulting injuries and/or damages as prayed for therein, if any, were legally caused and contributed to by the negligence and fault of plaintiff and/or by others whose conduct is imputed to plaintiff, and through failure to exercise ordinary care in the performance of their duties, so that the recovery by plaintiff is diminished, or barred entirely, by the proportion of said negligence and fault.

25.     Plaintiff's claims and causes of action are barred, in whole or in part, by reason of set-off or recoupment, or both, available to Shellpoint.

26.     Plaintiff's claims and causes of action are barred, in whole or in part, due to plaintiff's failure to mitigate, minimize, or otherwise avoid its damages.

27.     Shellpoint reserves the right to assert additional affirmative defenses that become apparent during discovery.

## COUNTERCLAIMS

1.     Shellpoint is the current assignee of record under a deed of trust recorded against property located at 2993 Via Della Amore, Henderson, NV 89052 (**property**) with the Clark County Recorder as instrument no. 20080107-0001695.

2.     SFR Investments Pool 1, LLC, is a Nevada limited liability company.   Upon information and belief, SFR claims an interest in the property through an HOA foreclosure sale that occurred on or about December 11, 2012.

3.     Does I through X, inclusive (the **Doe Defendants**), are individuals who may be liable for damages with the named counterdefendants on the allegations set forth in the counterclaims or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112.   Shellpoint may seek leave to amend the counterclaims to reflect the true names and identities of the Doe Defendants when known.

4.     Roe Corporations I through X, inclusive (the **Roe Defendants**), are corporate entities that may be liable for damages with the named counterdefendants on the allegations set forth in the

62550498;1

counterclaims or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. Shellpoint may seek leave of Court to amend the counterclaims to reflect the true names and identities of the Roe Defendants when known.

## GENERAL ALLEGATIONS

5.     Under Nevada state law, homeowners' associations have the right to charge property owners residing within the community assessments to cover the homeowners' associations' expenses for maintaining or improving the community, among other things.

6.     The association has a lien that perfects when the CC&Rs are recorded, and an association may foreclose on that lien if the homeowner defaults on the covenant to pay assessments.

7.     NRS Chapter 116 generally provides a non-judicial foreclosure scheme for a homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its monthly assessments.

8.     NRS 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property, with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS 116.3116(2)(c).

### The Deed of Trust & Shellpoint's Interest in the Property

9.     In November 2007, borrower Michael Weiss (**borrower**) purchased the property, obtaining a $356,000.00 loan secured by a deed of trust recorded against the property (**deed of trust**). A true and correct copy of the senior deed of trust is recorded with the Clark County Recorder as **Instrument No. 20080107-0001695**.

10.     Federal National Mortgage Association (**Fannie Mae**) purchased the loan and thereby acquired ownership of the deed of trust in 2008.

/ / /

14

11.     The deed of trust was assigned to Shellpoint on May 14, 2020.  A true and correct copy of the assignment to Shellpoint is recorded with the Clark County Recorder as **Instrument No. 20200326-0000787**.

12.     Shellpoint is the current loan servicer for the loan secured by the deed of trust.

The HOA Foreclosure

13.     Upon information and belief, the borrower failed to pay Seven Hills Master Community Association (**HOA**) all amounts due to it.  On April 22, 2010, the HOA, through its agent Alessi & Koenig, LLC, caused a notice of delinquent assessment lien to be recorded.  A true and correct copy of the notice of lien is recorded with the Clark County Recorder as **Instrument No. 201004220001232**.

14.     On February 10, 2011, the HOA, through Alessi & Koenig, caused a notice of default and election to sell under homeowners association lien to be recorded.  A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 201102100003159**.

15.     On August 13, 2013, the HOA, through Alessi & Koenig, caused a notice of trustee's sale to be recorded.  A true and correct copy of the notice of foreclosure sale is recorded with the Clark County Recorder as **Instrument No. 201308130001272**.

16.     The HOA foreclosed on the property, pursuant to the above-referenced notice of lien, on September 11, 2013.

17.     A trustee's deed upon sale in favor of SFR was recorded against the property on September 17, 2013.  A true and correct copy of the trustee's deed upon sale is recorded with the Clark County Recorder as **Instrument No. 201309170000704**.

18.     The trustee's deed upon sale indicates SFR purchased the property for $18,00.00.

The Prior Litigation

19.     Litigation was initiated in the eighth judicial district court of Nevada concerning the HOA foreclosure sale, including whether the deed of trust survived the foreclosure sale, as Case No. A-13-690490-C.

/ / /

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

62550498;1

20. The district court, after conducting a bench trial in September 2018, entered judgment in favor of the prior loan servicer, Ditech Financial, on October 11, 2018.

21. The district court held that, pursuant to the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), the deed of trust was not extinguished, impaired, or otherwise affected by the HOA foreclosure sale on September 11, 2013, or the trustee's deed upon sale.

<u>Deed of Trust Foreclosure Proceedings</u>

1. The deed of trust remains a valid encumbrance against the property after the HOA foreclosure sale(s). Accordingly, on October 1, 2021, Quality Loan Service Corporation, the current foreclosure trustee under the deed of trust, caused a notice of breach and default and election to cause sale of real property under deed of trust to be recorded against the property (**notice of default**). A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 20211001-0002854**.

2. A duly executed affidavit of authority to exercise the power of sale is attached to the notice of default.

3. The affidavit of authority evidences the following recorded assignments:

| Recorded Date | Recording Number | Name of Assignor | Name of Assignee |
|---|---|---|---|
| 10/18/2010 | 201010180003234 | Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for Countrywide Bank, FSB, it successors and assigns | BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP |
| *2/15/2012 | 201202150001843 | Mortgage Electronic Registration Systems, Inc. | Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP |
| 9/5/2013 | 201309050000106 | Bank of America, N.A. | EverBank |
| 2/2/2015 | 20150202-0001191 | EverBank | Green Tree Servicing LLC |
| 3/26/2020 | 20200326-0000787 | Ditech Financial LLC F/K/A Green Tree Servicing LLC | New Residential Mortgage, LLC |
| 5/14/2020 | 20200514-0000635 | New Residential Mortgage, LLC | NewRez LLC d/b/a Shellpoint Mortgage Servicing |

*Duplicate/Invalid Assignment

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

4.      Upon information and belief, the assignment of deed of trust from MERS to BANA was made inadvertently and by mistake.

5.      On January 11, 2022, Quality caused a notice of trustee's sale to be recorded against the property.   A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 20220111-0001748**

<u>SFR's Pre- and Post-Litigation Actions</u>

6.      Upon information and belief, and in an effort to stop the pending foreclosure sale, SFR brings a meritless claim under NRS 106.240 and seeks information related to the borrower's loan through this judicial action.

7.      SFR claims the deed of trust is extinguished by operation of NRS 106.240 with no justification or basis.

8.      SFR claims Shellpoint provided inaccurate information, but upon information and belief, has no proof any information received from Shellpoint was incomplete or incorrect.

9.      SFR claims it is ready to satisfy the amounts secured by the deed of trust, but it has not demonstrated any ability to presently do so.  SFR claims it actually received loan information from Shellpoint, yet failed to make any attempt to satisfy the deed of trust.  Upon information and belief, SFR has never intended to satisfy the amounts secured by the deed of trust.

10.     SFR disputes Shellpoint holds the note that corresponds to the deed of trust, with no justification or basis.

11.     Upon information and belief, SFR's conduct as described above, shows it never intended to satisfy the loan and is using the judicial process simply to prolong its ownership of the property and forestall Shellpoint's foreclosure.

### **<u>FIRST CAUSE OF ACTION</u>**

### **(Quiet Title/Declaratory Judgment)**

12.     Shellpoint repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

/ / /

/ / /

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

13.     Shellpoint has a valid ownership interest in the property because the deed of trust survived the HOA foreclosure sale.  The prior litigation put SFR on notice that the deed of trust survived the HOA foreclosure sale.

14.     SFR claims that the deed of trust was extinguished by operation of NRS 106.240.

15.     SFR claims it is entitled to certain information related to the borrower's loan under NRS 107 *et seq*.

16.     SFR claims Shellpoint lacks authority to foreclose pursuant to the terms of the deed of trust.

17.     As a result, an actual controversy exists between Shellpoint and SFR regarding Shellpoint's interest in and ability to foreclose on the property.

18.     Shellpoint's interests are adverse to SFR's interests because, on information and belief, there is a dispute between Shellpoint and SFR as to Shellpoint and SFR's rights to the property.

19.     Shellpoint therefore seeks a declaration that the deed of trust remains against the property after the HOA foreclosure sale, and SFR's interest in the property, if any, is subject to the deed of trust.

20.     Shellpoint further requests the court enter an order as to what information, if any, SFR is entitled under NRS 107 *et seq*.

## SECOND CAUSE OF ACTION

### (Tortious Interference with Contractual Relations)

21.     Shellpoint repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

22.     The borrower executed a deed of trust which was subsequently assigned to Shellpoint.

23.     The deed of trust is a valid and existing contract between the borrower and Shellpoint.

24.     SFR alleges it purchased the property on September 11, 2013, with knowledge that there was a deed of trust recorded against the property.

62550498;1

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

25.    SFR knew by virtue in its participation in the prior litigation that its property interest is subject to the deed of trust.

26.    SFR's refusal to satisfy the amounts owed under the deed of trust, yet its pursuit of an injunction to forestall Shellpoint's foreclosure proceedings—a valid remedy under the deed of trust—is designed to disrupt the contractual relationship between the borrower and Shellpoint.

27.    SFR's actions are intentional and designed to disrupt the contractual relationship between the borrower and Shellpoint, including Shellpoint's remedies under the deed of trust for the borrower's breach.

28.    SFR has disrupted the terms of the contract between the borrower and Shellpoint because its actions have disrupted Shellpoint's remedies under the deed of trust for the borrower's breach.

29.    Shellpoint is damaged by SFR's actions, including that it is restrained from foreclosing under the terms of the deed of trust and recouping amounts owed by the borrower to Shellpoint under the terms of the contract between the borrower and Shellpoint.

30.    Shellpoint was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### (Abuse of Process)

31.    Shellpoint repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

32.    SFR filed this lawsuit for ulterior motives or purposes, including: (1) to stop Shellpoint's proper foreclosure sale, after knowingly failing to comply with NRS 107 *et seq.*; and (2) to inflict financial injury on Shellpoint through litigation costs and fees.

33.    Despite SFR's lack of evidence that the deed of trust was extinguished by operation of NRS 106.240, its lack of evidence that Shellpoint breached any duty under NRS 107 *et seq.*, and its lack of evidence that Shellpoint lacks authority to foreclose, SFR has attempted and continues to knowingly misuse and manipulate the legal process by: (1) filing and prosecuting a factually baseless claim to inflict financial injury on Shellpoint; (2) seeking a temporary restraining order and

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

62550498;1

preliminary injunction against Shellpoint in bad faith and based on factually baseless claims of irreparable harm; (3) continuing to seek broad and unwarranted injunctive relief for the sole purpose of harming Shellpoint and maliciously interfering with its foreclosure; (4) engaging in tactical and bad faith conduct designed to increase Shellpoint's litigation costs and fees; (5) intending to use the discovery process as a means of obtaining broad, burdensome, and irrelevant discovery for malicious purposes wholly unrelated to this lawsuit, when SFR has no intent of offering to satisfy the amounts secured by Shellpoint's deed of trust; and (6) using the judicial process to forestall the valid remedy of foreclosure under the deed of trust's terms.

34.    SFR's actions seek to keep an injunction in place to allow SFR to continue to: (1) collect rents on the property; and/or (2) maintain possession of the property without paying the amounts secured by the deed of trust.

35.    Shellpoint has suffered damages as a result of SFR's abuse of process in an amount to be proven at trial, including but not limited to costs and fees incurred by defending against SFR's frivolous and malicious lawsuit.

## FOURTH CAUSE OF ACTION

### (Slander of Title)

36.    Shellpoint repeats and re-alleges the preceding paragraphs.

37.    SFR made false and malicious communications disparaging Shellpoint's interest in the property, causing special damages, by (1) filing the instant, publicly available complaint claiming a superior interest in the property with no justification or basis and (2) recording a notice of lis pendens against the property on January 24, 2022, with the Clark County Recorder as **Instrument No. 20220124-0003260**.

38.    SFR knew the deed of trust survived the HOA foreclosure sale.

39.    SFR initiated this litigation for the ulterior purpose of delaying foreclosure as long as possible to allow Saticoy Bay to continue collecting the rents related to the property.

40.    SFR's initiation of this litigation constitutes an intentional and calculated action meant to leave Shellpoint with no option other than to engage in litigation.

///

62550498;1

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

41.     SFR's conduct was malicious, willful, intentional, and done with reckless disregard for its consequences.

42.     As a result of SFR's conduct, Shellpoint has sustained special and general damages in excess of $15,000.

43.     As a result of SFR's conduct, Shellpoint is entitled to an award of punitive damages against SFR.

44.     As a result of SFR's conduct, Shellpoint has been required to retain an attorney to defend itself in this action and prosecute this claim, and it is entitled to collect its reasonable attorneys' fees and costs as special damages.

## FIFTH CAUSE OF ACTION

### (UARA Claim)

45.     Shellpoint repeats and re-alleges the preceding paragraphs.

46.     Nevada has adopted the Uniform Assignment of Rents Act (**UARA**), 2007 Nevada Laws Ch. 106 (S.B. 168), codified at NRS 107A *et seq.*  UARA provides that "any mortgage, deed of trust or other document that creates a security interest in real property also creates an assignment of rents, which is a security interest in the rents arising from the real property." 2007 Nevada Laws Ch. 106 (S.B. 168); NRS 107A.230. Under the UARA, recording a deed of trust perfects the assignment of rents, which automatically takes priority over the rights of any person that acquires or purchases an interest in the underlying real property. NRS 107A.240(3)(b).

47.     The UARA further provides that upon a borrower's default of a mortgage loan secured by a recorded deed of trust, the assignee of the deed of trust may enforce its security interest in rental income by sending notice to the borrower or the successor owner of the property. NRS 107A.270. If the borrower or successor owner of the property refuses or otherwise fails to turn over the rent, UARA authorizes the deed-of-trust assignee to bring a claim to recover the rent and reasonable attorney's fees and costs.

48.     Pursuant to NRS 107A.240, a perfected security interest in rents collected on the property exists by virtue of the recording of the deed of trust in the Recorder's Office.

/ / /

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

21

62550498;1

49.    Shellpoint has a perfected security interest in rents because it is the recorded beneficiary of the deed of trust as Fannie Mae's contractually authorized servicer.

50.    Shellpoint sent SFR a letter demanding rents on February 17, 2022.

51.    On information and belief, SFR received the demand.

52.    On information and belief, SFR will refuse the demand.

53.    Pursuant to NRS 107A.050, SFR is an assignor because it is "the successor owner of the real property from which the rents arise."

54.    Pursuant to NRS 107A.240, Fannie Mae and Shellpoint's perfected security interest in rents takes priority over the rights of SFR as a purchaser of a title interest in the property.

55.    Pursuant to NRS 107A.270, Shellpoint has complied with its statutory obligation to notify SFR of its demand that SFR pay over the proceeds of any rents arising out of the property.

56.    NRS 107A.330 requires that SFR "shall turn over" all proceeds to Shellpoint upon demand.

57.    Shellpoint is entitled to all rents arising out of the property.

58.    SFR has violated and continues to violate Nevada's Uniform Assignment of Rents Act by not paying rents to Shellpoint.

59.    SFR's conduct has caused damage to Shellpoint by denying it them proceeds that Nevada law entitles it to have.

60.    Shellpoint has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorneys' fees and costs.

61.    Shellpoint respectfully seeks a damages in the amount of the wrongfully withheld rents, beginning on the date SFR received Shellpoint's demand, and an order compelling SFR to turn over all rents arising out of the property until the loan is satisfied.

## **SIXTH CAUSE OF ACTION**

### **(Equitable Lien – In the Alternative)**

62.    Shellpoint repeats and re-alleges the preceding paragraphs.

/ / /

/ / /

62550498;1

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

63.     As an alternative to its first cause of action, Shellpoint requests the court to impose an equitable lien, inclusive of interest, fees, and other charges, on the property for the amount necessary to discharge the debt evidenced by the deed of trust, as of the date of judgment.

64.     Shellpoint brings this action for equitable imposition of a lien on the property due to the substantial benefits SFR has received from the property, the HOA foreclosure sale, the deed of trust's encumbrance, and Shellpoint.

65.     SFR knew or should have known the deed of trust was recorded against the property when it acquired its interest in the property.

66.     SFR benefitted from the deed of trust encumbering the property as shown by the amount paid for the property at the HOA foreclosure sale.

67.     SFR knew by virtue in its participation in the prior litigation that its property interest is subject to the deed of trust.

68.     SFR knew Shellpoint could not initiate foreclosure proceedings until recently due to various external and internal foreclosure moratoriums related to the COVID pandemic.

69.     SFR has benefitted from the prior litigation and Shellpoint's inability to foreclose pursuant to the deed of trust's terms as shown by SFR's collection of rents despite never making a single loan payment or satisfying the deed of trust.

70.     The deed of trust was intended as a first-priority lien on the property.

71.     If SFR succeeds in extinguishing the deed of trust, Shellpoint would be irreparably harmed, and such action would constitute a windfall to SFR.

72.     Imposition of an equitable lien will not deprive a party or junior lienholder of any legal right.  SFR knew it acquired a subpriority property interest, subject to the deed of trust, and further knew the deed of trust survived the HOA foreclosure sale.

73.     Shellpoint has no adequate remedy at law.

74.     The application of the equitable lien will  (1) work common justice to all, (2) prevent injury to Shellpoint; (3) carry out the intent of the original parties to the deed of trust; (4) prevent SFR from being unjustly enriched; and (5) ensure no party is put in a worse position than it bargained for.

62550498;1

75.     SFR will not be prejudiced by the imposition and establishment of a first-priority equitable lien in favor of Shellpoint.

### PRAYER FOR RELIEF

WHEREFORE Shellpoint respectfully requests this court enter judgment against SFR as follows:

1. A declaration establishing the deed of trust is the senior lien encumbering the property;

2. A declaration establishing what information, if any, SFR is entitled under NRS 107.200 *et seq.*;

3. A declaration establishing the deed of trust is not extinguished by operation of NRS 106.240;

4. A declaration establishing that Shellpoint has authority to non-judicially foreclosure pursuant to the terms of the deed of trust;

5. Alternatively, a declaration establishing a first-priority equitable lien in favor of Shellpoint on which Shellpoint has authority to foreclose;

6. A judgment and order that Shellpoint prevailed on its causes of action;

7. Judgment in Shellpoint's favor and against SFR for the damages it caused Shellpoint in an amount in excess of $15,000.00;

8. Attorneys' fees and the costs incurred by Shellpoint as a result of this lawsuit;

9. Any such other and further relief the court deems just and proper.


DATED this 9th day of March, 2022.          **AKERMAN LLP**

*/s/ Paige L. Magaster*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
PAIGE L. MAGASTER, ESQ.
Nevada Bar No. 15557
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134

*Attorneys for NewRez LLC d/b/a*
*Shellpoint Mortgage Servicing*

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

62550498;1