UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR Investment Pool 1, LLC, | Case No. 2:22-cv-00192-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF Nos. 42 and 56** |
| NewRez LLC, | |
| Defendant. | |

Before the Court is Defendant NewRez LLC's Motion for Protective Order. ECF No. 42. Non-party Bank of America, N.A. joined. ECF No. 47. Plaintiff SFR Investment Pool 1, LLC opposed at ECF No. 55 and filed a countermotion to compel at ECF No. 56. Defendant replied at ECF No. 65 and opposed Plaintiff's countermotion to compel at ECF No. 66. Plaintiff replied to Defendant's opposition at ECF 71. Lastly, Defendant filed supplementary authority at ECF No. 86. The Court held a hearing on October 5, 2022. ECF No. 80.

Defendant NewRez seeks a protective order for Plaintiff SFR's Requests for Production of Documents Nos. 1–6 and the corresponding Fed. R. Civ. P. 30(b)(6) topics listed in its motion. ECF No. 42 at 4. These are also the subject of SFR's countermotion to compel. *See* ECF No. 56.

The parties are familiar with the facts of the case and the arguments underlying these motions. As a result, the Court does not repeat them here.

**I.     NewRez's Motion for Protective Order (ECF No. 42)**

Fed. R. Civ. P. 26 governs the scope and limits of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In other words, information is discoverable if it is (1) relevant, (2) proportional, and (3) not privileged.

A party may seek a protective order to limit discovery under Fed. R. Civ. P. 26(c), as Defendant NewRez has done here. Rule 26(c) provides, in part, that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The burden is on the party seeking the order to make the showing of good cause "by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (citation omitted).

When the discovery sought appears relevant on its face, the party resisting discovery bears the burden of establishing the lack of relevance. *Krause v. Nevada Mut. Ins. Co.*, No. 2:12-CV-00342-JCM, 2014 WL 496936, at *3 (D. Nev. Feb. 6, 2014), aff'd, No. 2:12-CV-342 JCM CWH, 2014 WL 3592655 (D. Nev. July 21, 2014) (citation omitted). Conversely, if the relevance of the discovery sought is *not* apparent, then the party seeking discovery bears the burden of establishing the relevance of the request. *Id*. (citations omitted). If relevance is established, then the party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

**A.     RFP Nos. 1, 5, 6 and Corresponding Fed. R. Civ. P. 30(b)(6) Topics**

In its briefing, SFR explains that RFP Nos. 4–6 were only relevant to the NRS 106.240 claim. ECF 55 at 3. Nevertheless, at oral argument on October 5, 2022, SFR changed its position: It explained that RFP No. 1 was only relevant to the NRS 106.240 claim and that RFP No. 4 related to both the NRS 106.240 and Chapter 107 claims. ECF No. 80 at 25:16–25:48.

On November 4, 2022, the District Court entered an order dismissing SFR's NRS 106.240 claim. ECF No. 88. One of NewRez's argument in support of its request for a protective order focused on the lack of relevance between NRS 106.240 and this case. ECF No. 42 at 6–9; ECF No. 65 at 2–9. The same argument applied to the corresponding Rule 30(b)(6) topics.

The District Court's November 4, 2022 order makes clear that SFR's RFP Nos. 1, 5 and 6, and the corresponding Rule 30(b)(6) topics, are not relevant to this action. NewRez has met its burden to show that undue burden would result from having to produce irrelevant discovery.

//
//

### B. RFP Nos. 2–4 and Corresponding Fed. R. Civ. P. 30(b)(6) Topics

As explained above, SFR's position in its brief was that RFP Nos. 1–3 were relevant to both the NRS 106.240 and Chapter 107 claims. At the hearing, it took a different position and argued that the only RFPs relevant to both the NRS 106.240 and Chapter 107 claims were RFP Nos. 2–4. The Court relies on the same rationale employed above as to why these RFPs (and corresponding Rule 30(b)(6) topics) are not relevant as it pertains to the NRS 106.240 claim.

That leaves this Court with having to determine whether NewRez must comply with RFP Nos. 2–4 based on the Chapter 107 claim.[1] SFR's Chapter 107 claim centers on its inability to verify the debt and pay the amount necessary to avoid foreclosure. SFR explains that it requested information necessary to discharge the debt, but NewRez (1) failed to timely provide all the information, and (2) the information regarding the interest rate and principal balance was inconsistent and/or inaccurate. As such, SFR claims it will likely lose the property because it cannot decipher the amount necessary to avoid foreclosure.

During oral argument, SFR explained that, under Chapter 107, it is entitled to the amount due, together with all the supporting documentation, based *on the date* on which this information was due. Because NewRez provided the response approximately a week after it was due, SFR claims the amount showing as owed is different than what it would have been if NewRez had responded in a timely manner. As a result, SFR seeks the information in RFP Nos. 2–4 to determine the accuracy of the information it obtained.

#### i. RFP Nos. 2–3

SFR is entitled to discovery regarding whether there has been a violation of Chapter 107 and to any damages that may flow from that violation. In this regard, payment history and pay-off demands would be relevant to SFR's claim. Although NewRez argues that it has already provided this information at ECF No. 66-2, NewRez conceded during the hearing that the information was

---

[1] The Court understands that, at the time the motion was filed, there may not have been a proper meet and confer regarding the relevance of the discovery related to the Chapter 107 claim. Nevertheless, there has been full briefing on this issue given SFR's countermotion to compel and the parties were able to provide arguments at the hearing. In addition, counsel for SFR represented that there had been an additional meet and confer after NewRez's motion had been filed. As such, the Court exercise its discretion to resolve these issues.

3

provided about a week after it was due. In addition, while SFR may not be entitled to an accounting under NRS 107.200, it is entitled to discovery that allows it to present a damages argument consistent with its claim. Lastly, whether SFR is entitled to pay less than the current amount due is an issue that has not yet been determined by the Court. Thus, NewRez has not met its burden of establishing the lack of relevance. *Krause*, 2014 WL 496936, at *3.

Based on the information provided at the hearing, the payment history consists of a single document print-out. In addition, the pay-off demands would simply consist of the number of demands regarding this loan. Neither request is particularly burdensome. Given this, NewRez has not met its burden to show good cause for a protective order to issue as to these two Requests.

Nevertheless, at this juncture, there is no need for a Rule 30(b)(6) witness to testify as to these documents. The Court tends to agree with NewRez that—as it pertains to these two Requests—the documents speak for themselves. Thus, NewRez has shown good cause to preclude testimony from a Rule 30(b)(6) witness on these two topics.

### ii. RFP No. 4

RFP No. 4 asks NewRez to produce all correspondence sent to the borrower. ECF No. 42 at 4. The relevance of this information is not apparent on its face. Thus, SFR bears the burden of establishing its relevance. *Krause*, 2014 WL 496936, at *3. SFR has not met its burden. In fact, this Request seems to be more geared to a NRS 106.240 argument. *See* ECF No. 71 at 2. Thus, NewRez has met its burden to show good cause for a protective order to issue as to this Request and the need for a Rule 30(b)(6) witness to testify as to this topic.

## II. SFR's Countermotion to Compel (ECF No. 56)

As explained above, SFR's countermotion to compel deals with the same requests for which NewRez sought a protective order. As a result, the SFR's countermotion to compel is denied as moot.

## III. Conclusion and Order

**IT IS THEREFORE ORDERED** that NewRez LLC's Motion for Protective Order (ECF No. 42) is GRANTED IN PART and DENIED IN PART consistent with this Order.

**IT IS FURTHER ORDERED** that the ruling as to NewRez's Motion for Protective Order

also applies to SFR's subpoenas to Bank of America, N.A.[2]

**IT IS FURTHER ORDERED** that NewRez must produce the documents responsive to SFR Investment Pool 1, LLC's Requests for Production Nos. 2 and 3 within 10 days of this Order.

**IT IS FURTHER ORDERED** that SFR's Countermotion to Compel (ECF No. 56) is DENIED as moot.

DATED: November 28, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] While SFR argues that it did not meet and confer with Bank of America, the issues have been fully briefed and argued. As a such, the Court exercise its discretion to resolve these issues.