**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| SFR Investment Pool 1, LLC, | Case No. 2:22-cv-00192-JAD-BNW |
| Plaintiff, | |
| v. | **Order** |
| NewRez LLC, | |
| Defendant. | |

Before the Court is Plaintiff SFR's motion for a protective order. ECF No. 63. Defendant NewRez opposed at ECF No. 74. SFR replied at ECF No. 87.

SFR seeks a protective order precluding NewRez from questioning SFR's Rule 30(b)(6) witness on topic numbers 2-6 and 15-16.

The parties are familiar with the facts of the case and the arguments underlying these motions. As a result, the Court does not repeat them here.

**I.   Analysis**

Federal Rule of Civil Procedure 26 governs the scope and limits of discovery.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Pro. 26(b)(1). In other words, information is discoverable if it is (1) relevant, (2) proportional, and (3) not privileged.

A party may seek a protective order to limit discovery under Federal Rule of Civil Procedure 26(c), as Defendant NewRez has done here. Rule 26(c) provides, in part, that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The burden is on

1   the party seeking the order to make the showing of good cause "by demonstrating harm or
2   prejudice that will result from the discovery." *Rivera v. NIBCO, Inc*., 364 F.3d 1057, 1063 (9th
3   Cir. 2004).
4        When the discovery sought appears relevant on its face, the party resisting discovery bears
5   the burden of establishing the lack of relevance. *Krause v. Nevada Mutual Insurance Company*,
6   2014 WL 496936, at *3 (D. Nev. Feb. 6, 2014). Conversely, if the relevance of the discovery
7   sought is *not* apparent, then the party seeking discovery bears the burden of establishing the
8   relevance of the request. *Id.* If relevance is established, then the party seeking to avoid the
9   discovery bears the burden of explaining why it should otherwise be denied. *U.S. EEOC v.*
10  *Caesars Entertainment*, 237 F.R.D. 428, 432 (D. Nev. 2006).

11       **A.**    **Topic 2**
12       SFR claims this topic is overbroad and not relevant—that it has no bearing on SFR's
13  claims or NewRez's defenses or counterclaims. Contrary to SFR's position, however, NewRez
14  *has* explained how this request is relevant to at least one counterclaim: intentional interference
15  with contractual relations. The request is relevant on its face, as statements and records involving
16  the property would tend to prove certain elements of this claim (the existence of a contract and
17  that SFR engaged in intentional acts designed to disrupt performance of the contract). SFR's reply
18  does little to refute this. *See Krause,* 2014 WL 496936, at *3.
19       Having said that, the Court agrees that the topic is overbroad to the extent that it requires
20  SFR's Rule 30(b)(6) witness to be prepared to answer questions on all aspects of the case file—
21  which is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C) (a court must
22  limit discovery outside the scope of Rule 26(b)(1)). As a result, NewRez is to re-notice this
23  deposition topic and narrow it so that the Rule 30(b)(6) witness can be properly prepared to
24  answer questions involving documents as they relate to *specific* defenses or counterclaims. *See*
25  *Great Am. Ins. Co. of New York v. Vegas Const. Co*., 251 F.R.D. 534, 538 (D. Nev. 2008) ("The
26  party seeking discovery through a Rule 30(b)(6) deposition is required to describe 'with
27  reasonable particularity the matters on which examination is requested.'").
28

**B.     Topics 3-6 and 15-16**

The relevance of these topics is *not* apparent to the Court. Although NewRez educated the Court on how Topic 2 related to at least one of its counterclaims, it failed to do the same for Topics 3-6 and 15-16. Accordingly, NewRez has not met its burden of establishing the relevance of the discovery. *See Krause,* 2014 WL 496936, at *3. Thus, the Court will grant the protective order as to these topics.

**II.     Conclusion**

**IT IS THEREFORE ORDERED** that NewRez's motion for a protective order at ECF No. 63 is granted in part and denied in part consistent with this order.

DATED: November 30, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE