1  ARIEL STERN, ESQ.
   Nevada Bar No. 8276
2  NATALIE L. WINSLOW, ESQ.
   Nevada Bar No. 12125
3  PAIGE L. MAGASTER, ESQ.
   Nevada Bar No. 15557
4  AKERMAN LLP
   1635 Village Center Circle, Suite 200
5  Las Vegas, Nevada 89134
   Telephone:   (702) 634-5000
6  Facsimile:   (702) 380-8572
   Email:  ariel.stern@akerman.com
7  Email:  natalie.winslow@akerman.com
   Email:  paige.magaster@akerman.com
8
   *Attorneys for NewRez LLC dba*
9  *Shellpoint Mortgage Servicing*

10              **IN THE UNITED STATES DISTRICT COURT**

11                  **FOR THE STATE OF NEVADA**

12  SFR INVESTMENTS POOL 1, LLC,                Case No.:  2:22-cv-00192-JAD-BNW

13                    Plaintiff,

                                                **REPLY IN SUPPORT OF MOTION**
14  v.                                          **FOR    RECONSIDERATION    OF**
                                                **THE ORDER DENYING IN PART**
15  NEWREZ    LLC    dba    SHELLPOINT          **AND    GRANTING    IN    PART**
    MORTGAGE SERVICING; DOES I through X,       **NEWREZ LLC dba SHELLPOINT**
16  inclusive; and ROE BUSINESS ENTITIES I     **MORTGAGE        SERVICING'S**
    through X, inclusive,                       **MOTION    FOR    PROTECTIVE**
17                                              **ORDER AND OPPOSITION TO**
                      Defendants.               **SFR    INVESTMENTS   POOL   1,**
18                                              **LLC'S COUNTERMOTION FOR**
                                                **ORDER TO SHOW CAUSE**
19

20  NEWREZ    LLC    dba    SHELLPOINT
    MORTGAGE SERVICING,
21
                     Counterclaimants,
22
    v.
23
    SFR INVESTMENTS POOL 1, LLC; DOES I
24  through    X,    inclusive;    and    ROE
    CORPORATIONS I through X, inclusive,
25
                    Counterdefendants.
26

27

28

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    Newrez LLC dba Shellpoint Mortgage Servicing replies in support of its motion for

2    reconsideration of the order denying in part and granting in part Shellpoint's motion for a protective

3    order (ECF No. 104) and opposes SFR Investments Pool 1, LLC's counter-motion for an order to

4    show cause (ECF No. 111).

5    **I.    INTRODUCTION**

6    SFR has represented to the Court that it is simply attempting to determine the amount

7    necessary to pay off the loan, but SFR's actions suggest otherwise.  SFR did not pay off the loan

8    after Shellpoint responded to its NRS 107.200 *et seq.* request in November 2022.  Instead, it

9    demanded Shellpoint provide a copy of the loan modification agreement, which Shellpoint did in

10   February 2023.  SFR still failed to remit any amount to Shellpoint, continuing instead to attack the

11   veracity of its NRS 107.200 and 107.210 statements.  Now that Shellpoint has disclosed a loan

12   history statement summary showing the total principal balance, late charges, and escrow amounts,

13   including property taxes and insurance payments, having accrued as of November 4, 2021, SFR has

14   given up entirely on the pretext that it aims to pay off the subject loan.

15   Without any legitimate substantive basis to oppose Shellpoint's reconsideration motion,

16   SFR simply implores the Court to elevate form over substance.  *See generally*, ECF No. 110.  SFR

17   avoids entirely the reasoning underlying the Court's partial denial of Shellpoint's protective order

18   motion, summarizing the Court's order in a footnote.  *See* ECF No. 110 at 4, n.5.  It also fails to

19   engage with Shellpoint's arguments, mischaracterizing them as already raised in the prior briefing.

20   *See id.* at 4-5.  SFR insists the Court should require Shellpoint to produce "(1) all payment history

21   reports or transaction reports that reflect any payment(s) made by the borrower, and (2) all payoff

22   demand statements sent to the borrower" without providing any explanation as to how or why SFR is

23   entitled to these documents in light of Shellpoint's disclosure of the loan history statement summary.

24   *See* ECF No. 110 at 4-5.  SFR's circular reasoning—that the Court should require Shellpoint to

25   produce additional documents because this is the production the Court ordered—begs the question

26   and misses the point of Shellpoint's reconsideration motion.

27   SFR does not, and cannot, articulate any reason this Court should maintain the broad scope

28   of the discovery ordered, rather than narrow the scope upon reconsideration.  Even if these

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    additional documents are relevant to SFR's theory that Shellpoint must accept from SFR the pay-off

2    amount that would have been reflected on its NRS 107.200 and 107.210 statements had Shellpoint

3    responded by November 5, 2021, *see* ECF No. 95 at 3-4, the discovery sought is unreasonably

4    cumulative and duplicative.   The information SFR seeks is obtainable from the loan history

5    statement summary generated on November 4, 2021, that Shellpoint disclosed on December 6, 2021,

6    and SFR does not argue otherwise in its opposition. *See generally*, ECF No. 110

7    　　　　Shellpoint's motion seeking reconsideration is proper and timely, and it sets forth legitimate

8    grounds for reconsideration.  The Court should grant Shellpoint's motion and deny SFR's request for

9    sanctions.  Shellpoint disclosed the loan history statement summary dated November 4, 2021, sought

10   to resolve this dispute without court intervention, and filed the instant motion in good faith, and its

11   position is meritorious.  SFR, on the other hand, aims to misuse the discovery process to harass

12   Shellpoint with irrelevant discovery that amounts to a fishing expedition.

13   **II.　　　SFR FAILS TO OPPOSE SHELLPOINT'S MOTION ON THE MERITS**

14   　　　　SFR makes two conclusory arguments in opposition to Shellpoint's reconsideration motion,

15   neither of which are persuasive.  SFR effectively fails to oppose Shellpoint's motion on the merits.

16   The Court should grant Shellpoint's reconsideration motion on this basis alone.

17   　　　　**First**, SFR maintains Shellpoint's production of "a single page document that is partially

18   redacted and gives totals of certain categories, none of which are payments made by the borrower"

19   constitutes a "blatant failure to comply with this Court's order" because it "does not address the

20   material this Court ordered be produced." ECF No. 110 at 4:15-16, 5:2-4.  As this Court noted, SFR

21   is not entitled to an accounting of the subject loan. *See* ECF No. 95 at 4:1-2.  Shellpoint therefore

22   produced only the loan history statement summary; it did not produce the preceding pages with

23   itemized entries and redacted those entries from the summary page.[1] *See* ECF No. 104-1 at 10.  SFR

24   aptly observes the loan history statement summary does not reflect any payments made by the

25   borrower.  ECF No. 110 at 4:15-16.  Shellpoint began servicing the loan effective December 1,

26   2019. **Ex. A** at Response to Interrogatory No. 7.  The loan has been in default since November 1,

27

28   _____
[1] If the Court would like to conduct an *in camera* review, Shellpoint will provide the full, unredacted loan
history statement to the Court upon request.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    2011.  ECF No. 42-5.  The borrower stopped making payments on the subject loan more than eight

2    years before Shellpoint started servicing the loan.  *See id.*  In other words, Shellpoint has never

3    received any payments from the borrower.  The loan history statement does not reflect any payments

4    being received from the borrower as a result.  Rather than withholding the loan history statement

5    summary because it does not include any payments from the borrower, Shellpoint disclosed the

6    summary in good faith and to comply with the Court's order.  As SFR recognizes, this document

7    "gives totals of certain categories" of amounts that comprise the loan balance.  *See* ECF No. 110 at

8    4:15-16; *see also* ECF No. 104-1 at 10.  SFR proffers no argument in response to Shellpoint's motion

9    to reconsideration as to why this production is insufficient.  *See generally*, ECF No. 110.

10           **Second**, SFR avoids Shellpoint's arguments on the merits by mischaracterizing the grounds

11   for reconsideration presented as "the same arguments [] raised in the protective order briefing."  *Id.*

12   at 5:4-5.  SFR is incorrect, and it ignores large portions of Shellpoint's motion explaining the

13   reasoning behind this Court's order and that SFR litigated this issue by ambush.  *Compare* ECF No.

14   104 *with* ECF No. 110.  Shellpoint could not have raised these points in the protective order briefing

15   because SFR did not make the underlying argument until the day of the hearing on Shellpoint's

16   protective order motion and *never* requested documents that would tend to prove the payoff amount

17   as of one week prior to the date of Shellpoint's NRS 107.200 and 107.210 statements.  ECF No. 104

18   at 5-8.  Shellpoint did not have the benefit of this Court's ruling before that ruling was made, and

19   Shellpoint had not yet produced the loan history statement summary.  *Id*.  Shellpoint has, at every

20   turn, provided SFR with information it purportedly needs to pay off the loan in full, yet SFR has paid

21   nothing, the loan remains in default, and foreclosure is imminent.

22           SFR does not identify any specific information sought that cannot be obtained through

23   review of the documents Shellpoint has already produced, including but not limited to the

24   promissory note, the deed of trust, the loan modification agreement, two notices of default and

25   election to sell under the deed of trust, and the loan history statement summary generated on

26   November 4, 2021.  *See* ECF No. 110 at 4-5; *see also* ECF No. 104-1 at 5-7.  Once again, SFR

27   leaves Shellpoint to guess at the reason it is seeking a full accounting of each and every payment

28   made by the borrower and "payoff demands" sent to the borrower over the fifteen-year history of the

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    subject loan.[2]  SFR's failure to oppose Shellpoint's motion on the merits is dispositive.  Additionally,

2    SFR's insistence upon production of these documents despite Shellpoint's production of the loan

3    history statement summary suggests SFR does not genuinely need this discovery to prove its

4    purported theory of damages under NRS 107.200 *et seq.*

5    **III.    SFR AIMS TO HARASS SHELLPOINT AND ABUSE THE DISCOVERY PROCESS**

6        **A.    SFR Is not Seeking To Support its NRS 107.200 *et seq.* Claim**

7        SFR's conduct in this case—in conjunction with its opposition, which makes no effort to

8    address Shellpoint's arguments on the merits as discussed above—demonstrates SFR's purpose is to

9    harass Shellpoint with irrelevant and unduly burdensome discovery.  **First**, SFR did not mention

10   NRS 107.200 *et seq.* during the initial meet and confer, and relied on its NRS 107.200 *et seq.* claim

11   to justify the disputed requests for production of documents only in hindsight.  *See* ECF No. 104 at

12   5-6.  **Second**, SFR did not seek information about the loan balance during the 21-day statutory

13   period when serving its second set of requests for production of documents, despite making other

14   requests specific to its NRS 107.200 *et seq.* claim for the first time.  *Id.* at 7.  **Third**, SFR forced

15   Shellpoint to litigate the extension of the expert discovery deadline in this case, arguing it should be

16   permitted to disclose an expert report in support of its NRS 107.200 *et seq.* damages after the initial

17   expert disclosure deadline set in the scheduling order.  ECF Nos. 78, 84, 87.  This Court granted

18   SFR's request, ECF No. 96, but SFR never disclosed an expert or produced an expert report.  *See*

19   ECF No. 115 at 2-4.  **Fourth**, SFR has not amended its computation of damages since serving its

20   initial disclosures on March 25, 2022.  *See id.* at 2:13-20.  The only disclosure of damages SFR has

21   made in this case consists of two sentences: "SFR seeks from [Shellpoint] for its negligent response

22   to NRS 107.200 *et seq.*, an amount yet to be determined, including attorneys' fees and costs incurred

23   in having to bring this action.  Further damages include the market value of the Property."  **Ex. B**.

24       Despite that SFR has not amended its computation of damages in the year since it was first

25   disclosed, SFR makes no attempt to explain the "damages argument" referenced in opposition to

26

27   [2] In July 2022, SFR served a subpoena duces tecum on non-party Bank of America, N.A. (**BANA**) demanding
     that BANA, a prior loan servicer, produce among other things, a "transaction history for the loan" and "payoff
28   demands" sent to the borrower.  BANA joined Shellpoint's protective order motion, ECF No. 47, and the
     instant motion for reconsideration, ECF No. 106.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    Shellpoint's reconsideration motion.  *See* ECF No. 110 at 4.  SFR does not even confirm it seeks to

2    remit the payoff amount that, according to SFR, it would have received had Shellpoint provided

3    NRS 107.200 and 107.200 statements by November 5, 2021.[3]  *See id.*  SFR proffers no explanation

4    as to the purpose of the discovery sought in light of the loan history statement summary being

5    disclosed.  *See* ECF No. 110.  SFR's actions, however, speak loud enough.

6            **B.        The Court Should Prevent SFR's Attempted Abuse of the Discovery Process**

7            SFR maintains the prior loan servicer, non-party Bank of America, N.A. (**BANA**), must

8    produce documents responsive to the subpoena duces tecum SFR served seeking, among other

9    things, a "transaction history for the loan" and "payoff demands" sent to the borrower.  ECF No. 106

10   at 1-2, ECF No. 106-1 at 10.  The deed of trust was assigned to BANA in October 2010.  **Ex. D**.

11   SFR's insistence on discovery of "payoff demands" sent more than ten years ago by a prior servicer

12   is completely untethered from its NRS 107.200 *et seq.* claim against Shellpoint or any damages

13   alleged thereunder.   However, SFR regularly relies on "acceleration letters" from a variety of

14   servicers to support meritless claims under NRS 106.240 in second-generation cases challenging the

15   validity of deeds of trust that Nevada courts have confirmed as valid and enforceable against SFR-

16   owned properties within the last five years.  *See e.g.* ECF No. 49-1.  SFR is fishing.  Its goal here is

17   to fuel second-generation litigation against the beneficiaries of deeds of trust that encumber

18   properties SFR purchased for pennies on the dollar at HOA foreclosure sales in years past, and

19   thereby avoid foreclosure under those deeds of trust while continuing to collect rental income arising

20   from these properties without paying off the loans they secure.[4]

21           SFR aims to harass Shellpoint (and BANA) with discovery that, even if relevant to the

22   NRS 107.200 *et seq.* claim, is not proportional to the needs of this case.  It attempts "to use

23   discovery tools as tactical weapons rather than to expose the facts and illuminate the issues" relevant

24   to the claims and defenses asserted, resulting in "excessively costly and time-consuming activities"

25

26   ───────────────

27   [3] The deed of trust foreclosure sale in this matter is currently scheduled for April 5, 2023.  **Ex. C**.  Shellpoint
     disclosed the November 4, 2021, loan history statement summary on December 6, 2022.  ECF No. 104-1.

28   [4] SFR's conduct in this case continues to unfold in a manner consistent with the allegations supporting
     Shellpoint's claims for tortious interference with contractual relations and abuse of process.  ECF No. 17 at
     17-20.  The district court ruled Shellpoint has plausibly alleged both of these counterclaims.  ECF No. 88.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    for Shellpoint (and BANA, which has not serviced this loan for about a decade).  *See* FED. R. CIV.

2    P. 26 Advisory Committee's Note (1983 Amendments).  SFR's position is contrary to the purpose of

3    discovery, which "is to provide a mechanism for making relevant information available to the

4    litigants."  FED. R. CIV. P. 26 Advisory Committee's Note (1983 Amendments).  *See id.*

5    Shellpoint provided the information this Court deemed relevant, and it did so timely by

6    December 6, 2022.  The Court should grant Shellpoint's request for reconsideration and limit the

7    scope of discovery to protect Shellpoint from the undue burden, expense, and harassment that would

8    be imposed by SFR's attempted abuse of the discovery process.

9    **IV.    SHELLPOINT'S RECONSIDERATION MOTION IS PROPER AND TIMELY**

10    Shellpoint did not object to the portion of this Court's order denying, in part, Shellpoint's

11    protective order motion. *See generally*, Dkt. Shellpoint is requesting that this Court reconsider its

12    order in light of Shellpoint's disclosure of the loan history statement summary on December 6, 2022.

13    *See* ECF No. 104.   The application of Local Rule 59-1, under which Shellpoint properly seeks

14    reconsideration, does not conflict with Federal Rule of Civil Procedure 72 because Shellpoint is not

15    seeking review of this Court's order by the district court.  *See* LR 59-1, FED. R. CIV. P. 72; *see also*

16    ECF No. 104.  While SFR contends Shellpoint's motion was "49 days late" under Federal Rule of

17    Civil Procedure 72, that Rule does not apply here.

18    Shellpoint made its motion "within a reasonable time" as required under Local Rule 59-1.

19    *See* LR 59-1.  SFR fails to appreciate that 25 of the "49 days" to which SFR refers passed without

20    any response from SFR's counsel to the email Shellpoint's counsel sent on December 12, 2022,

21    attempting to resolve this issue with a stipulation and proposed order narrowing the scope of

22    discovery. *See* ECF No. 110 at 4-5; *see also* ECF No. 104-4 at ¶¶ 4-6 (declaring SFR's counsel did

23    not respond until January 6, 2023).  It became clear on January 11, 2023, that the parties were at an

24    impasse.  ECF No. 104-4 at ¶ 8.  Shellpoint filed its reconsideration motion less than 20 days later.

25    *See* ECF No. 104 (filed on January 30, 2023).  Shellpoint's reconsideration motion is timely, and the

26    Court should resolve the motion on the merits in Shellpoint's favor for the reasons argued above.

27    / / /

28    / / /

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    **V.        THE COURT SHOULD DENY SFR'S REQUEST FOR SANCTIONS**

2          SFR's request for sanctions is premised on its contention that Shellpoint violated the letter of

3    the Court's order insofar as it denied Shellpoint's protective order motion as to SFR's second and

4    third requests for production of document. ECF No. 111 at 6-7.  SFR's accusations that Shellpoint

5    engaged in "obstructionist behavior" and "increased the costs of litigation" are unfounded.  *See* ECF

6    No. 111 at 7:1-2.  Shellpoint disclosed a loan history statement summary dated November 4, 2021,

7    on December 6, 2022, and reached out to SFR's counsel two days later, before the deadline for

8    production set forth in this Court's order had expired.  *Id.* at 5; *see also* ECF No. 104-1 at 10.  SFR

9    has not identified any prejudice resulting from Shellpoint's disclosure. *See generally*, ECF No. 111.

10   SFR chose to incur $3,730.50 in attorneys' fees to litigate this motion rather than presenting the court

11   with a proposed stipulation and order.  *See id.* at 6, ECF No. 104-4.

12         Regardless, there is no basis for sanctions under Federal Rule of Civil Procedure 37(b)(2)

13   because Shellpoint obeyed the substance of this Court's order when it timely produced the loan

14   history statement summary.  *See supra* at 3-5; *see also* ECF No. 104 at 3.  Any non-compliance with

15   the order is based on Shellpoint's good faith belief and meritorious position that its disclosure is

16   sufficient and to the extent the order requires more, the Court should reconsider the scope of its

17   order.  Any defect in Shellpoint's disclosure is substantially justified, and the Court therefore cannot

18   award sanctions in the form of attorneys' fees.  *See* Fed. R. Civ. P. 37(b)(2)(C) (A court should not

19   award attorneys' fees where a party's failure to obey a court order providing or permitting discovery

20   "was substantially justified or other circumstances make an award of expenses unjust.").  Shellpoint

21   has carried its burden to show that special circumstances make an award of fees to SFR unjust.  *See*

22   *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983).

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

8

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1

## CONCLUSION

2    The Court should reconsider its order denying Shellpoint's protective order motion, ECF

3    No. 42, as to SFR's second and third requests for production of documents.  The Court should

4    protect Shellpoint from SFR's discovery abuses by narrowing the scope of discovery to the loan

5    history statement summary that Shellpoint produced on December 6, 2022.  The Court should grant

6    Shellpoint's motion and deny SFR's baseless request for sanctions.

7    DATED this 17th day of March, 2023.

8                                                        **AKERMAN LLP**

9
                                                         */s/ Paige L. Magaster*
10                                                       ARIEL E. STERN, ESQ.
                                                         Nevada Bar No. 8276
11                                                       NATALIE L. WINSLOW, ESQ.
                                                         Nevada Bar No. 12125
12                                                       PAIGE L. MAGASTER, ESQ.
                                                         Nevada Bar No. 15557
13                                                       1635 Village Center Circle, Suite 200
                                                         Las Vegas, Nevada 89134
14                                                       *Attorneys for NewRez LLC dba*
                                                         *Shellpoint Mortgage Servicing, LLC*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INDEX OF EXHIBITS**

Exhibit A     Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing's Responses to SFR Investments Pool 1, LLC's    Interrogatories

Exhibit B     SFR Investment Pool 1, LLC's Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26

Exhibit C     Trustee Sale Listing from Nevada Legal News

Exhibit D     Assignment of Deed of Trust

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572